Michael L. Braunstein, Esq.
**THE BRAUNSTEIN LAW FIRM, PLLC**
3 Eberling Drive
New City, New York 10956
Telephone:      (845) 499-2198
E-mail: mbraunstein@braunsteinfirm.com

David C. Silver, Esq. (*pro hac vice forthcoming*)
Todd R. Friedman, Esq. (*pro hac vice forthcoming*)
**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:      (954) 516-6000
E-mail: DSilver@SilverMillerLaw.com
E-mail: TFriedman@SilverMillerLaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Civil Action No. _____

THOMAS ROSSMAN, an individual;

     Plaintiff,

v.

FINITE TRUST, an unregistered New York business entity;
NOAH MULLER, an individual; DAVID MEYERS, an individual;
ALLEN MAGNUSSEN, an individual; JEAN M. SCOTT, an individual;
and COINBASE, INC., a Delaware corporation;

     Defendants.

_____/

## <u>COMPLAINT</u>

Plaintiff THOMAS ROSSMAN, an individual ("Plaintiff"), by and through undersigned

counsel, sues Defendants FINITE TRUST, an unregistered New York business entity; NOAH

MULLER, an individual; DAVID MEYERS, an individual; ALLEN MAGNUSSEN, an individual;

JEAN M. SCOTT, an individual (together, FINITE TRUST, NOAH MULLER, DAVID MEYERS,

ALLEN MAGNUSSEN, and JEAN M. SCOTT are "the FINITE Defendants"); and COINBASE,

INC., a Delaware corporation; for violations of common law to recover damages incurred by Plaintiff

as well as to obtain certain equitable relief related to the harm Plaintiff has suffered.  In support thereof, Plaintiff state as follows:

## PRELIMINARY STATEMENT

1.    This action seeks to remedy the exploitation of an unsuspecting investor who placed his trust, as well as a significant amount of funds, into the hands of a self-proclaimed "leading global investment management firm" called Finite Trust, and its principals, who operated a deceptive and fraudulent scheme to deprive Plaintiff of his property on false promises of cryptocurrency-related investments, by inducing Plaintiff to transfer approximately $175,000.00 to COINBASE (a large U.S.-based cryptocurrency exchange).

2.    To secure Plaintiff's confidence and his digital assets, the FINITE Defendants made a series of false and misleading representations, all of which resulted in a devastating economic loss to Plaintiff.

3.    The FINITE Defendants electronically solicited followers around the world to transfer their funds to accounts at COINBASE which were owned and operated by the FINITE Defendants.

4.    Behind the veil of the internet, the FINITE Defendants claimed to be "a team of highly experienced professionals who love what we do and are passionate about it.  We offer our investors excellent services such as: Cryptocurrency Investments."

5.    Moreover, on their website (www.FiniteTrust.com), the FINITE Defendants guaranteed for their clients at least five percent daily returns at minimal risk:

> We utilize sophisticated automated machines and softwares [*sic.*], trading bots and signal analyzers which ensures that our professional traders **guarantee a high level of safety on investment with a record breaking risk possibility of 2.0% and a profit generation capability of not less than 5% on the daily trades**. As in any financial transaction, the higher the amount invested, the higher the returns and at same extremely low loss percentage.

(Emphasis added).

6.        In reality, the FINITE Defendants operate a classic Ponzi scheme.

7.        FINITE TRUST is not a "Global Company focused on steady growth" that "provides a wide range of financial services to a substantial and diversified client base." FINITE TRUST is not even registered to do business with any Secretary of State, much less any other regulatory authority in the United States. It does not adhere to or comply with any applicable regulatory requirements.

8.        Upon information and belief, assets contributed by investors to the FINITE Defendants were pooled in common investment trading accounts at COINBASE, even though the contributors to FINITE TRUST were not accredited in any way.

9.        Upon further information and belief, FINITE TRUST was not leveraged with financial backing from any funding source other than the investors' own contributions.

10.       Around July 2020, the FINITE Defendants' scheme started to reveal itself as Plaintiff experienced difficulty when he sought to withdraw his funds from FINITE TRUST.

11.       Rather than honor Plaintiff's request to withdraw his funds, the FINITE Defendants told Plaintiff that he would have to transfer more funds to COINBASE to reach a higher investment threshold before he could begin withdrawing funds.

12.       The FINITE Defendants proffered to Plaintiff untenable excuses to stall, delay, and avoid repayment of assets owed to him by the FINITE Defendants.

13.       As of the date of this filing, the FINITE Defendants are holding hostage Plaintiff's funds and have prevented Plaintiff from accessing, withdrawing, or reclaiming his funds.

14.       Plaintiff brings this action to recover from Defendants the financial assets taken from him under fraudulent pretenses and now withheld from him under equally unwarranted and unjust means.

## GENERAL ALLEGATIONS

### THE PARTIES

15.     Plaintiff THOMAS ROSSMAN ("Plaintiff") is an individual domiciled in Bryan, Ohio; and is *sui juris*.  Plaintiff invested cryptocurrency in FINITE TRUST.

16.     Defendant FINITE TRUST is an unregistered business entity that maintains its principal place of business in New York, New York; and is *sui juris*.

17.     Upon information and belief, Defendant DAVID MEYERS is an individual domiciled in New York, New York; and is *sui juris*.  At all times material hereto, MEYERS was a principal of FINITE TRUST and served as "Head of Investments U.S."

18.     Upon information and belief, Defendant NOAH MULLER is an individual domiciled in New York, New York; and is *sui juris*.  At all times material hereto, MULLER was a principal of FINITE TRUST and served as "Chief Auditor."

19.     Upon information and belief, Defendant ALLEN MAGNUSSEN is an individual domiciled in New York, New York; and is *sui juris*.  At all times material hereto, MAGNUSSEN was a principal of FINITE TRUST and served as "Chief Financial Officer."

20.     Upon information and belief, Defendant JEAN M. SCOTT is an individual domiciled in New York, New York; and is *sui juris*.  At all times material hereto, SCOTT was a principal of FINITE TRUST and oversaw withdrawals.

21.     Defendant COINBASE, INC. is a Delaware corporation, with its principal place of business in San Francisco, California.  COINBASE is a digital currency wallet and money transmitter services platform where merchants and consumers can exchange digital currencies like bitcoin and Ether.

22.     In addition to those persons and entities set forth as Defendants herein, there may be other parties liable to Plaintiff, but Plaintiff currently lacks specific facts to identify such person or

persons as a party defendant.  By not naming such persons or entities at this time, Plaintiff is not waiving his right to amend this pleading to add such parties, should the facts warrant adding such parties.

## JURISDICTION AND VENUE

23.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between citizens of different states.

24.    This Court has personal jurisdiction over the defendants because: (a) several defendants operate an entity that is present and/or doing business within this jurisdiction, (b) several defendants are individuals residing and working within this jurisdiction, and (c) the tortious activity of several of the defendants occurred within this jurisdiction.

25.    Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391, as the causes of action alleged herein arose in New York, New York County, New York.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

26.    In 2018, Plaintiff wanted to invest in bitcoin.  Due to Plaintiff's inexperience with Bitcoin and investing in cryptocurrencies, he wanted assistance from an experienced financial advisor.

27.    A friend of Plaintiff referred Plaintiff to the FINITE Defendants.  Upon information and belief, Plaintiff's friend is also a victim of the FINITE Defendants.  Plaintiff's friend may have been induced by the FINITE Defendants to refer Plaintiff to invest in FINITE TRUST as a result of the FINITE Defendants' false promise that Plaintiff's friend could withdraw funds if Plaintiff's friend referred investors to FINITE TRUST.

28.    The FINITE Defendants made to Plaintiff several false and materially inaccurate statements about their services, including, by way of example, that they "focus on identifying and

creating products and services to help underserved households grow savings, improve credit, and build assets, thus increasing their financial security."

29.     From the outset of their communications with one another, the FINITE Defendants solicited Plaintiff to invest in FINITE TRUST by making to Plaintiff several false and materially inaccurate representations, including that:

(a)     The FINITE Defendants are accomplished cryptocurrency traders, consultants, and advisors;

(b)     The FINITE Defendants would help Plaintiff invest in bitcoin;

(c)     The FINITE Defendants' investment strategies had made their principals and client investors wealthy; and

(d)     The FINITE Defendants' investment strategies were primed to increase the value of Plaintiff's wealth by investing in assets such as cryptocurrencies that would generate large returns.

30.     Rather than offer legitimate financial services and consulting, the FINITE Defendants operated, and continue to operate, a modern-day Ponzi scheme.

31.     On or about November 13, 2018, Plaintiff transferred $40,000.00 to the FINITE Defendants' account at COINBASE. *See* Exhibit 1.

32.     Around November 15, 2018, Plaintiff transferred another $10,000.00 to the FINITE Defendants' account at COINBASE.

33.     On or about December 16, 2019, Plaintiff transferred another $50,000.00 to the FINITE Defendants' account at COINBASE. *See* Exhibit 2.

34.     In July 2020, Plaintiff contacted the FINITE TRUST and demanded that he be permitted to withdraw his funds from the COINBASE account into which the FINITE Defendants has placed his funds.

35.     Rather than grant Plaintiff's requests, the FINITE Defendants' scheme revealed itself.

36.     First, the FINITE Defendants told Plaintiff that Plaintiff had to bring new investors to FINITE TRUST before Plaintiff could withdraw his own funds.

37.     Next, the FINITE Defendants told Plaintiff that Plaintiff would have to deposit more funds into the account before the account would be eligible for withdrawals.

38.     On or about November 18, 2020, relying upon the instructions given to him by the FINITE Defendants, Plaintiff transferred to the FINITE Defendants' account at COINBASE another $1,000.00.  *See* <u>Exhibit 3</u>.

39.     On or about November 19, 2020, relying upon the instructions given to him by the FINITE Defendants, Plaintiff transferred to the FINITE Defendants' account at COINBASE another $50,000.00.  *See* <u>Exhibit 4</u>.

40.     On or about November 20, 2020, relying upon the instructions given to him by the FINITE Defendants, Plaintiff transferred to the FINITE Defendants' account at COINBASE another $1,000.00.  *See* <u>Exhibit 5</u>.

41.     On or about December 11, 2020, relying upon the instructions given to him by the FINITE Defendants, Plaintiff transferred to the FINITE Defendants' account at COINBASE another $12,000.00.  *See* <u>Exhibit 6</u>.

42.     On or about December 17, 2020, again relying upon the instructions given to him by the FINITE Defendants, Plaintiff transferred to the FINITE Defendants' account at COINBASE another $11,000.00.  *See* <u>Exhibit 7</u>.

43.     At all times material hereto, the FINITE Defendants falsely represented to Plaintiff that Plaintiff's investment would be available for withdrawal at any time upon request.

44.     Examples of the FINITE Defendants' false and materially inaccurate statements include the following:

(a)     On December 4, 2019, Defendant JEAN M. SCOTT declined Plaintiff's demand to withdraw his funds, unless and until Plaintiff deposited another $50,000.00:

FINITETRUST WITHDRAWAL

Good morning Thomas

**You are due for unrestricted withdrawals and that will
commence once the deposit of $50000 [6.92 Bitcoin] is received.**
This process is automated and the departmental key-code attached to
your account automatically unrestricts it as soon as the aforementioned
deposit                            is                            lodged.

Future withdrawal requests will instantly be approved and credits made
to your coinbase account.

FiniteTrust wishes to apologize to you for any unforeseen setback that
our referral policy has caused you and reiterates that the policy is NOT
applicable to new investors.
. . .
Jean M Scott
jeanmscott@finitetrust.com (Emphasis added).

(b)      On December 16, 2020, Defendant NOAH MULLER declined Plaintiff's

demand to withdraw his funds, explaining that because the FINITE Defendants made so

much money for Plaintiff, Plaintiff had to make another deposit of $10,000.00 before Plaintiff

would be permitted to withdraw his funds:

From: noahmuller@finitetrust.com
Subject: Withdraw
Date: December 16, 2020 at 1:49:17 PM EST

I am sorry in any way that I inconvenienced you. I honestly feel like
we did not get a referral deposit from you considering the amount of
money we made for you and the amount David gave to you as referral
deposit.

**We have decided that the sum of $10000 will let your withdrawal
request reflect on your coinbase wallet .** (Emphasis added).

. . .

From: noahmuller@finitetrust.com
Subject: Withdraw
Date: December 16, 2020 at 4:06:44 PM EST

All I can tell you is that there is nothing that will stop your request
from getting to your coinbase account once you that $10000 deposit.

. . .

- 8 -

From: noahmuller@finitetrust.com
Subject: Withdraw
Date: December 16, 2020 at 6:07:37 PM EST

**I will tell you this just once. You deposit $10000 and your withdrawal request will reflect in your coinbase account.** (Emphasis added).

(c)     On December 11, 2020, Defendant DAVID MEYERS represented to Plaintiff that Plaintiff would not be permitted to withdraw his funds unless he made another deposit of $10,000.00:

From: davidmeyers@finitetrust.com
Subject: Withdraw
Date: December 11, 2020 at 10:27:35 AM EST

**Yes, with 10000 you will withdraw.** (Emphasis added).

(d)     Defendant ALLEN MAGNUSSEN, together with Defendants DAVID MEYERS and NOAH MULLER, falsely represented to Plaintiff that Plaintiff would be able to withdraw his funds -- which had appreciated in value to over $3.8 million -- upon bringing $50,000.00 in new referrals to FINITE TRUST, and that FINITE TRUST would be "totally liable" if Plaintiff did not receive access to his funds thereafter:

You are entitled to full unrestricted access to your funds (initial investment and earnings) which is a total of $3,812,733 **upon the deposit of the referral deposit of $50,000.00**.

We unequivocally state that access to the funds after the deposit is lodged is instant.

**We are totally liable if for any reason we do not fulfill the above obligations to you when the deposit is received[,]** and you are entitled to seek redress through the appropriate means.  (Emphasis added).

45.     The FINITE Defendants made general solicitations to obtain investor funding, including, upon information and belief, soliciting and/or selling to unaccredited investors (as defined under federal and state rules and regulations) those investments.

46.     Plaintiff was an unaccredited investor solicited by the FINITE Defendants.

47.     The FINITE Defendants promoted themselves as successful financial advisors and consultants, providing financial management and advice for investors.

48.     On their website, the FINITE Defendants falsely represented that FINITE TRUST utilized sophisticated technology to maximize returns, minimize losses, and guaranteed that FINITE TRUST would generate five percent returns on daily trades, while only exposing investors to a "risk possibility of 2.0%":

> We utilize sophisticated automated machines and softwares [*sic*.], trading bots and signal analyzers which ensures that our professional traders guarantee a high level of safety on investment with a record breaking risk possibility of 2.0% and a profit generation capability of not less than 5% on the daily trades. As in any financial transaction, the higher the amount invested, the higher the returns and at same extremely low loss percentage.

49.     In reasonable reliance on the representations made to Plaintiff by the FINITE Defendants about FINITE TRUST, Plaintiff placed the following investments with the FINITE Defendants:

| DATE | ASSETS INVESTED | APPROX. AMOUNT OF BITCOIN ON DATE OF INVESTMENT |
|---|---|---|
| November 13, 2018 | $40,000.00 | 6.269 BTC |
| November 15, 2018 | $10,000.00 | 1.766 BTC |
| December 16, 2019 | $50,000.00 | 7.047 BTC |
| November 18, 2020 | $1,000.00 | 0.0563 BTC |
| November 19, 2020 | $50,000.00 | 2.798 BTC |
| November 20, 2020 | $1,000.00 | 0.0549 BTC |
| December 11, 2020 | $12,000.00 | 0.671 BTC |
| December 17, 2020 | $11,000.00 | 0.486 BTC |
| **TOTAL** | **$175,000.00** | **19.1482 BTC ($507,427.30 as of 12/26/2020)** |

50.     At the times the above-listed representations were made to Plaintiffs, the FINITE Defendants knew or should have known the representations were false, yet the FINITE Defendants made them anyway to induce Plaintiff to invest their money in FINITE TRUST.

51.     Plaintiff did not know, and through the exercise of reasonable diligence could not have discovered, the fraudulent misrepresentations that were being perpetrated upon him by the FINITE Defendants.

52.     The FINITE Defendants' actions, omissions, and misrepresentations constituted a fraud and deceit on Plaintiff.

53.     As a result of the above-cited actions, omissions, and misrepresentations, Plaintiff has been damaged; and he has lost approximately 19.1482 bitcoin, which represent the cryptocurrency he was told by the FINITE Defendants that he had purchased through FINITE TRUST.

54.     The FINITE Defendants used their positions of trust to induce Plaintiff's investments and successfully conduct and conceal all of the misleading and fraudulent activity perpetrated upon Plaintiff in connection with FINITE TRUST.

55.     Plaintiff has performed all of his duties and obligations, and any conditions precedent to Plaintiff bringing this action have occurred, have been performed, or else have been excused or waived.

56.     To enforce his rights, Plaintiff retained undersigned counsel and is obligated to pay counsel a reasonable fee for its services, for which the FINITE Defendants are liable as a result of their bad faith and otherwise.

## COUNT I – FRAUDULENT INDUCEMENT
### [AGAINST FINITE DEFENDANTS]

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 56 above, and further alleges:

57.     The FINITE Defendants, by acts of both omission and commission, made false statements to Plaintiff concerning material facts about Plaintiff's investments.

58. The FINITE Defendants knew at the time the statements were made to Plaintiff that the statements were false.

59. The FINITE Defendants intended that Plaintiff would be induced into action by relying upon the statements of fact the FINITE Defendants made to him.

60. In the course of investing in cryptocurrency through FINITE TRUST and entrusting the FINITE Defendants to properly handle his investments, Plaintiff reasonably and justifiably relied on the statements of fact made to him by the FINITE Defendants.

61. As a direct and proximate result of Plaintiff's reliance on the statements made to him by the FINITE Defendants, Plaintiff has suffered damage.

WHEREFORE, Plaintiff THOMAS ROSSMAN, an individual; demands entry of a judgment against Defendants FINITE TRUST, an unregistered New York business entity; NOAH MULLER, an individual; DAVID MEYERS, an individual; ALLEN MAGNUSSEN, an individual; and JEAN M. SCOTT, an individual; for an amount within the jurisdictional limits of this court, including an award of interest and costs.

## COUNT II – BREACH OF FIDUCIARY DUTY
### [AGAINST FINITE DEFENDANTS]

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 56 above, and further alleges:

62. Plaintiff and the FINITE Defendants shared a relationship whereby:

(a) Plaintiff reposed trust and confidence in the FINITE Defendants, and

(b) The FINITE Defendants undertook such trust and assumed a duty to advise, counsel and/or protect Plaintiff.

63.     The FINITE Defendants owed Plaintiff a fiduciary duty to, among other things:

      (a)    disclose to Plaintiff all material information pertaining to Plaintiff's investments in FINITE TRUST; and

      (b)    refrain from making false statements or creating misimpressions of material fact as they relate to Plaintiff's investments in FINITE TRUST.

64.     The FINITE Defendants breached their duty to Plaintiff.

65.     As a direct and proximate result of Plaintiff's reliance on the statements made to him by the FINITE Defendants, Plaintiff has suffered damage.

WHEREFORE, Plaintiff THOMAS ROSSMAN, an individual; demands entry of a judgment against Defendants FINITE TRUST, an unregistered New York business entity; NOAH MULLER, an individual; DAVID MEYERS, an individual; ALLEN MAGNUSSEN, an individual; and JEAN M. SCOTT, an individual; for an amount within the jurisdictional limits of this court, including an award of interest and costs.

## COUNT III – FRAUDULENT MISREPRESENTATION
### [AGAINST FINITE DEFENDANT]

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 – 56 above, and further alleges:

66.     The FINITE Defendants, by acts of both omission and commission, made false statements to Plaintiff concerning material facts about Plaintiff's investments.

67.     The FINITE Defendants knew or should have known, at the time the statements were made, that the statements were false.

68.     The FINITE Defendants intended Plaintiff would rely on the false statements of fact made to him.

69.     In the course of investing his money through the FINITE Defendants and entrusting the FINITE Defendants to properly handle his investments in the supposed FINITE TRUST,

Plaintiff reasonably and justifiably relied on the statements of fact made to him by the FINITE Defendants.

70.     As a direct and proximate result of Plaintiff's reliance on the statements made to him by the FINITE Defendants, Plaintiff has suffered damage.

WHEREFORE, Plaintiff THOMAS ROSSMAN, an individual; demands entry of a judgment against Defendants FINITE TRUST, an unregistered New York business entity; NOAH MULLER, an individual; DAVID MEYERS, an individual; ALLEN MAGNUSSEN, an individual; and JEAN M. SCOTT, an individual; for an amount within the jurisdictional limits of this court, including an award of interest and costs.

## COUNT IV – NEGLIGENT MISREPRESENTATION
### [AGAINST FINITE DEFENDANT]

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 56 above, and further alleges:

71.     The FINITE Defendants, by acts of both omission and commission, made false statements to Plaintiff concerning material facts about his investments.

72.     The FINITE Defendants knew or should have known, at the time the statements were made, that the statements were false.

73.     The FINITE Defendants intended Plaintiff would rely on the false statements of fact made to him.

74.     In the course of investing his money through the FINITE TRUST and entrusting the FINITE Defendants to properly handle his investments, Plaintiff reasonably and justifiably relied on the statements of fact made to him by the FINITE Defendants.

75.     As a direct and proximate result of Plaintiff's reliance on the statements made to him by the FINITE Defendants, Plaintiff has suffered damage.

WHEREFORE, Plaintiff THOMAS ROSSMAN, an individual; demands entry of a judgment against Defendants FINITE TRUST, an unregistered New York business entity; NOAH MULLER, an individual; DAVID MEYERS, an individual; ALLEN MAGNUSSEN, an individual; and JEAN M. SCOTT, an individual; for an amount within the jurisdictional limits of this court, including an award of interest and costs.

## COUNT V – CONVERSION
### [AGAINST FINITE DEFENDANTS]

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 56 above, and further alleges:

76.     Plaintiff transferred funds and assets to the FINITE Defendants for investment to participate in FINITE TRUST.

77.     The FINITE Defendants have kept all or a portion of Plaintiff's funds and assets after Plaintiff demanded their return, despite the FINITE Defendants lack of any ownership interest in the assets.

78.     By refusing to return to Plaintiff his assets, the FINITE Defendants intended to interfere with, and indeed have interfered with, Plaintiff's ownership and interest in those holdings and have deprived Plaintiff of his property, permanently or temporarily.

79.     Upon information and belief, the FINITE Defendants utilized all or a portion of Plaintiff's funds and assets to purchase bitcoin on COINBASE's platform to enrich the FINITE Defendants themselves.

80.     As a result of the FINITE Defendants' conversion of Plaintiff's funds and assets to their own corporate and personal uses, Plaintiff has suffered damage.

WHEREFORE, Plaintiff THOMAS ROSSMAN, an individual; demands entry of a judgment against Defendants FINITE TRUST, an unregistered New York business entity; NOAH MULLER, an individual; DAVID MEYERS, an individual; ALLEN MAGNUSSEN, an individual; and JEAN

M. SCOTT, an individual; for an amount within the jurisdictional limits of this court, including an award of interest and costs.

## COUNT VI – ACCOUNTING
### [AGAINST FINITE DEFENDANTS]

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 56 above, and further alleges:

81.     FINITE TRUST, acting through MULLER, MEYERS, MAGNUSSEN, and SCOTT, owes fiduciary duties to its stakeholders.

82.     Despite Plaintiff's demands, MULLER, MEYERS, MAGNUSSEN, and SCOTT refused to provide Plaintiff information reflecting where and how his investments have been utilized and how much of Plaintiff's invested funds still remain under the control of the FINITE Defendants.

83.     The manner in which MULLER, MEYERS, MAGNUSSEN, and SCOTT pooled and allocated cryptocurrency assets invested into FINITE TRUST are so complicated that a jury would not be able to ascertain damages.

84.     The sole means of ascertaining such information and documentation are within the control of the FINITE Defendants.

85.     Because all of the records of FINITE TRUST created and published by MULLER, MEYERS, MAGNUSSEN, and SCOTT are fabricated to present false and misleading information that does not reveal the true contributions and holdings of each FINITE TRUST participant, Plaintiff has no adequate remedy at law that would allow him to ascertain the true measure of his damages.

86.     An accounting is required to determine the amount of money owed to Plaintiff.

WHEREFORE, Plaintiff THOMAS ROSSMAN, an individual; demands entry of a judgment against Defendants FINITE TRUST, an unregistered New York business entity; NOAH MULLER, an individual; DAVID MEYERS, an individual; ALLEN MAGNUSSEN, an individual; and JEAN

M. SCOTT, an individual; jointly and severally, an accounting of Plaintiff's investments in the FINITE TRUST.

## COUNT VII – IMPOSITION OF A CONSTRUCTIVE TRUST
### [AGAINST COINBASE, INC.]

Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1 - 56 above, and further alleges:

87.     This is an action to impose a constructive trust upon the property taken from Plaintiff that is currently held by the FINITE Defendants in an account at COINBASE.

88.      This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

89.     As set forth above, the FINITE Defendants -- through actual fraud, abuse of confidence, or other questionable means -- obtained Plaintiff's fiat and cryptocurrency, which in equity and good conscience the FINITE Defendants should not be permitted to hold.

90.     The FINITE Defendants directed Plaintiff to transfer his funds to an account or accounts held at COINBASE.

91.     Upon information and belief, COINBASE either has possession, custody, or control over the account(s) in which Plaintiff's cryptocurrency is currently stored.

92.     The cryptocurrency assets at issue are specific, identifiable property and can be traced in assets of the FINITE Defendants.

WHEREFORE, Plaintiff THOMAS ROSSMAN, an individual; demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently held by the FINITE Defendants in an account at COINBASE; and further demand the restoration to Plaintiff of that wrongfully obtained property.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves his right to further amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

Respectfully submitted,

**THE BRAUNSTEIN LAW FIRM, PLLC**

By:  /s/ MICHAEL L. BRAUNSTEIN
  Michael L. Braunstein, Esq.
  3 Eberling Drive
  New City, New York 10956
  Telephone: (845) 499-2198
  E-mail: mbraunstein@braunsteinfirm.com

- and -

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone: (954) 516-6000
DAVID C. SILVER (*pro hac vice forthcoming*)
E-mail: DSilver@SilverMillerLaw.com
TODD R. FRIEDMAN (*pro hac vice forthcoming*)
E-mail: TFriedman@SilverMillerLaw.com

*Counsel for Plaintiff*

Dated:   December 30, 2020